IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Case No. 3:19-cr-0463 |
| | Judge James G. Carr |
| v. | |
| William Robert Collins, | **ORDER** |
| Defendant. | |

Pending is the Defendant's Motion to Appoint Counsel/Motion to Reduce Sentence under Amendment 821 to the United States Sentencing Guidelines**.** (Doc. 49). In accordance with this Court's Order, after filing the Motion *pro se,* the matter was referred to the Federal Public Defender's Office (FPD) for review. N.D. Ohio General Order 2023-20, ¶I (11/21/2023). Under this Order, the FPD has the right to file a supplemental motion in support of a *pro se* defendant's request. *Id.* ¶V. The FPD filed a Notice of No Intent to Supplement (Doc. 51). The Government filed a Response in Opposition to Defendant's Motion. (Doc. 52).

For the reasons that follow, I deny the Motion.

### Background

On December 11, 2019, Defendant, pled guilty to two Counts of Production and one Count of Receipt and Distribution of Child Pornography (Doc. 46). At the time of sentencing, Defendant's Total Offense Level was a 43. (Doc. 18, pgID 113). With five (5) Criminal History Points, his Criminal History Category was a III. (*Id.* at 114). This put Defendant's Guideline Range at life, but the statutory maximum for the offenses was 960 months. (*Id.* at 119).

Defendant was sentenced to the statutory mandatory minimum for each Count: 180 on Counts I and II and 60 months on Count 3, to run consecutively for a total of 420 months. (Doc. 46).

### Discussion

In Part A of Amendment 821 to the U.S. Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in § 4A1.1(e). The amended provision provides for one (versus two) status point for those with seven or more points and zero (versus one) points for those presenting with six or under. In Part B of Amendment 821, the Commission added § 4A1.1(c), which provides a 2-level reduction for offenders with zero criminal history points.

Neither Part A nor Part B apply to Defendant. Defendant did not receive status points and was not a zero-point offender. Additionally, Defendant received the mandatory minimum for each sex offense count. Therefore, Defendant is not eligible for relief under Amendment 821.

### Conclusion

Simply put, Amendment 821 does not affect Defendant's Guideline Range.

For the foregoing reasons, it is hereby

ORDERED THAT:

The Defendant's Motion to Reduce Sentence (Doc. 49) be, and the same hereby is, **denied**.

So ordered.

/s/ James G. Carr
Sr. U.S. District Court Judge